UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

IN RE:

**Peter Simon Luna**
**Kristel Rose Luna**

       Debtors.

No. 08-11422-s7

**Daryl Marcott,**

       Plaintiff,

vs.

Adv. Proc. No.

**Peter Simon Luna**
**Kristel Rose Luna,**

       Defendant.

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523

Plaintiff Daryl Marcott, by his attorneys, Wallin and Briones Law Firm LLC (Thomas R. Briones), a creditor and party in interest in the above referenced bankruptcy proceeding, files this Complaint to Determine Dischargeability of Debt Under 11 U.S.C. §523 (the "Complaint"), and in support thereof states:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C. §§1334 and 157(b)(2)(I) and 11 U.S.C. §523 because this is a proceeding to determine the dischargeability of a particular debt.

2. Peter Simon Luna and Kristel Rose Luna (the "Defendants") filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United State Code (the "Code") in this Court on May 6, 2008.

1

3. The Defendants may be served, pursuant to Fed R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Complaint to 1004 Tierra Viva Ct NW, Albuquerque, New Mexico 87107, which address constitutes either the Defendants' dwelling, house or usual place of abode or the place which the Defendants regularly conduct a business or profession.

4. The last day for filing dischargeability complaints has been set at August 5, 2008. This Complaint has been timely filed.

## Count I - Fraud

5. Plaintiff, Daryl Marcott, of 7405 Fairmont Ave El Cerrito, CA 94530, is a creditor of the above-named debtor and is the holder of an unsecured claim in the amount of $18,750.

6. Defendant, Peter Simon Luna, of 1004 Tierra Viva Ct NW Albuquerque, NM 87107, is the debtor in the above-captioned proceedings

7. Defendant, Kristel Rose Luna, of 1004 Tierra Viva Ct NW Albuquerque, NM 87107, is the debtor in the above-captioned proceedings

8. On December 22, 2006, plaintiff entered into a transaction with defendant whereby plaintiff loaned defendant $12,300 in return for which, defendant gave plaintiff a promissory note for the sum of $15,000 and $3,750 in interest for the first ninety days.

9. As part of the consideration and as an inducement to plaintiff to enter into said transaction, defendant claimed that he had a business opportunity and needed to borrow money in the form of a short term loan. Defendant used the name and reputation of Veritas Mortgage to entice plaintiff into the transaction.

10. Plaintiff later was informed by Veritas Mortgage that Defendant was not acting within the course and scope of his employment.

11. In June 2007, defendant Peter Luna informed plaintiff that the investment "did not work out" and that the note would be satisfied at the sale of Defendants' home.

12. On July 09, 2007, defendant executed a Real Estate Mortgage Note in the sum of $16,300 in satisfaction of the original promissory note.

13. At the time Defendant Peter Luna claimed to be entering into the first loan agreement, Defendant Peter Luna knew that Veritas Mortgage was not a party to the transaction, although he stated that they Veritas Mortgage was a borrower and he (Peter Luna) was authorized to enter into the transaction on their behalf.

14. At the time Defendant Kristal Luna executed the Real Estate Mortgage Note, Defendant Kristal Luna knew that there was no equity in the home and Defendants had no intention to repay Plaintiff.

15. Both the representations made in the first loan and the delay caused by the execution of the Real Estate Mortgage Note were made with the intention of deceiving the Plaintiff.

16. By reason of said actions Defendants were able to deceive Plaintiff into entering said transaction. Plaintiff, relying on the false and fraudulent promises of defendant, entered into said transaction.

17. The Plaintiff was justified in relying on the representations made about the business opportunity, which did not exist, and the availability of equity to satisfy the debt.

18. As a result of the misrepresentations by both Plaintiffs, the Defendant has suffered damages in the amount of $18,750.

19. Thereafter Defendants filed their petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of New Mexico, and the defendant listed as one of their debts this obligation due to plaintiff.

20. By reason of the false and fraudulent statements of defendant, and by reason of plaintiff's relying on the truthfulness of the same, this obligation is not dischargeable.

   Therefore, plaintiff prays that the court determine that the debt on which the plaintiff's claim is based is a debt which may be excepted from discharge, after notice and hearing, under 11 U.S.C. § 523(c).

WHEREFORE, Plaintiff Daryl Marcott respectfully requests that this Court, upon trial:

1. Order that the Defendant's indebtedness to the Daryl Marcott on the Real Estate Mortgage Note and Promissory Note constitutes non-dischargeable debt pursuant to 11 U.S.C. §523;

2. Grant a non-dischargeable judgment in favor of the Daryl Marcott against the Defendant in the amount of $18,750, plus pre-judgment and post-judgment interest as provided by law, reasonable attorney's fees, costs and expenses; and

3. Grant the Daryl Marcott such other and further relief to which it may be justly entitled.

Respectfully submitted,

**Wallin and Briones Law Firm LLC**

By: *Electronically Submitted 7/7/08*
    THOMAS R. BRIONES
    4263 Montgomery Boulevard NE
    Suite I-140
    Albuquerque, NM 87109
    (505) 246-0120 - Phone
    (505) 246-0121 - Fax
    Attorney for Creditor,
    Daryl Marcott
    (505) 246-0120